IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITH RUSSELL JUDD                                                                 PLAINTIFF

v.                                               No. 10-5075

UNITED STATES OF AMERICA,                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is Plaintiff's **Independent Action for Relief from Judgment to Correct Record That There is no Federal Felony Conviction or Sentence for Keith Russell Judd** (Doc. #1)**, Motion for Preliminary Injunction and Declaratory Judgment for Relief from Firearms Disability; Second Amendment U.S. Constitution, Tenth Amendment** (Doc. #2), **Memorandum Brief in Support Thereof** (Doc. #3), **Motion to Alter or Amend Order Under Fed.R.Civ.P., Rule 60(a) and Rule 54(b)** (Doc. #4), **Request for Leave to File Motion to Dismiss Indictment/Complaint for Violation of Speedy Trial Act; Fed.R.Civ.P., Rule 60(b)** (Doc. #5), and a supplemental document entitled **Brief in Support of Writ of Mandamus** (Doc. #6).

The Plaintiff previously instituted a civil rights action in this Court in 2000, Judd v. United States of America, No. 00-5063 (W.D. Ark. 2000), requesting that his name be placed on the ballot for the 2000 presidential election.  Over the next several years, Plaintiff filed numerous other motions in that case, including a Motion for Relief from Judgment Dismissing 28 U.S.C. § 2255 Proceeding.  On May 2, 2005, United States District Judge Jimm Larry Hendren adopted the Magistrate Judge's Report and Recommendation entered on March 28, 2005, wherein Magistrate Judge Beverly Stites Jones found as follows, in pertinent part:

-1-

> In the instant motion filed March 15, 2005, Judd refers to a denial of relief under 28 U.S.C. § 2255, but Judd has not been convicted in this court nor sought relief from a sentence under § 2255 in this court. Judd refers to the case of *United States v. Judd*, No. MO-98-CR-93, out of the Western District of Texas, and argues there was no valid conviction in that case because he filed 42 appeals which divested the court of jurisdiction.
>
> Judd was convicted in the Western District of Texas of two counts of making threatening communication with intent to extort money or something of value and sentenced to 210 months in prison. *See United States v. Judd*, 2003 WL 22303061 (5th Cir. 2003). Judd has been sanctioned by the Fifth Circuit Court of Appeals for filing scores of frivolous attempts to challenge rulings in the same criminal proceeding. The Fifth Circuit has ordered the appellate and district court clerks to refuse motions/ pleadings by Judd until he satisfies the money sanctions so far assessed. There is one exception – Judd can submit a nonfrivolous application to file a successive § 2255 motion to correct, set aside, or correction sentence. *See Judd v. Winn*, 2003 WL 22734689 (5th Cir. 2003).
>
> Here, Judd's motion for relief for judgment is an attempt to challenge his conviction/sentence in the Western District of Texas in this court. As such, it is kin to a § 2255 motion. However, this court has no jurisdiction to provide relief because Judd was not sentenced here. See § 2255 (prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence). The Western District of Texas imposed the sentence. However, Judd is under a directive of the Fifth Circuit not to file any pleadings/motions attacking the sentence other than a nonfrivolous application to file a successive § 2255 motion.

(Case No. 00-5063  Doc. #29.) Judge Jones, therefore, recommended that the motion be dismissed and that Judd be admonished not to file pleadings/motions in this district in an attempt to obtain relief from his conviction in the Western District of Texas. Although Plaintiff filed late objections to the Report and Recommendation, Judge Hendren considered the objections and found them to be without merit, thereby adopting the Magistrate Judge's Report and Recommendation**.** (Case No. 00-5063 Docs. # 30, 35-36, 41.) Subsequent thereto, Plaintiff filed a Motion for Relief from Judgment of Dismissal under Fed.R.Civ.P. 60(b). (Case No. 00-5063 Doc. # 43.) Judge Hendren denied said motion, stating that the relief sought appeared to

relate to proceedings involving Plaintiff in the Western District of Texas, and "this court has no jurisdiction over those proceedings." (Case No. 00-5063 Doc. #44.)

Almost five years later, Plaintiff brought the present action, and all but one of his motions seek relief from the proceedings involving him in the Western District of Texas. Therefore, as to Plaintiff's motions filed as Docs. #1, #4, #5, and #6, the undersigned recommends they be denied, since they are also kin to motions under § 2255, and must be raised before the Court which imposed the sentence.

As to Plaintiff's Motion for Preliminary Injunction and Declaratory Judgment for Relief from Firearms Disability (Doc. #2), the undersigned also recommends the motion be denied. Plaintiff challenges the constitutionality of 18 U.S.C. §922(g)(1) as violative of the Second Amendment of the United States Constitution. He cites to the case of Distr. of Columbia v. Heller, ___U.S.___, 128 S. Ct. 2783 (2008), in support of his motion. Plaintiff's argument is without merit.

In United States v. Irish, 2008 WL 2917818, at *1 (8th Cir. 2008), the Eighth Circuit cited the Heller case for the proposition that the Second Amendment did not bar laws prohibiting felons from possessing firearms. The Eighth Circuit also held that Congress did not exceed its authority or violate the Commerce Clause when it enacted § 922(g); that general federal criminal laws like § 922(g) apply nationwide; and that the required nexus between a firearm and commerce is established by showing that the firearm at one time traveled in interstate commerce. Id. (citations omitted); see also United States v. Whisnant, No. 3:07-CR-32, 2008 WL 4500118, at *1 (E.D. Tenn., Sept. 30, 2008)("The Heller decision expressly recognized that felon in possession laws are valid limitations to the Second Amendment, and the Heller decision does

-3-

not change the constitutionality of the statutes that Defendant challenges in his motion to dismiss."). Accordingly, Plaintiff's argument that § 922(g) violates the Second Amendment of the United States Constitution is unavailing, and his motion should be denied.

Based upon the foregoing, the undersigned recommends that the motions found in **Docs.#1, #2, #4, #5, and #6 be denied**. Doc. #3 is a memorandum brief in support of a motion and requires no ruling. The undersigned also recommends that Judd again be admonished not to file pleadings/motions in this district in an attempt to obtain relief from his conviction in the Western District of Texas.

**The Plaintiff has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

ENTERED this 23rdday of July, 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)