IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEITH RUSSELL JUDD                                                          PLAINTIFF

v.                                     No. 10-5075

UNITED STATES OF AMERICA,                                                   DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

By Order entered August 20, 2010, United States District Judge Jimm Larry Hendren adopted **in toto**, the Report and Recommendation of the undersigned[1] (Doc. #12), and denied and dismissed Plaintiff's motions, which the undersigned found to be kin to motions under § 2255, which must be raised before the Court which imposed the sentence (Western District of Texas). (Doc. 7). On August 31, 2010, Judge Hendren denied Petitioner's Emergency Request for Access to Law Books in Law Library and his Notice of Appeal, which was treated as a Motion for Certificate of Appealability. (Doc. #18). Now before the Court is Petitioner's **Motion for Leave to Appeal In Forma Pauperis (Doc. #19); Motion for Certificate of Appealability (Doc.#20); and Motion for Court to Certify Actual Innocence Claim under Savings Clause. (Doc. #22))**. Judge Hendren referred the motions to the undersigned. (Doc.#21 and #23)).

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." A "substantial

---

[1] In the Report and Recommendation, the undersigned also recommended that Judd again be admonished not to file pleadings/motions in this district in an attempt to obtain relief from his conviction in the Western District of Texas.

showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). The Plaintiff has not identified any issues satisfying the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(2) &(3).

In the Plaintiff's Motion to Certify Actual Innocence Claim under the Savings Clause, Plaintiff asks the Court to "determine that he is actually innocent of said charges, and provide Habeas Corpus Relief under the Savings Clause of 28 U.S.C. § 2255, plus any other relief appropriate and just." (Doc. #22 at p. 2). In support of his motion, Plaintiff argues that at a hearing held in a Texas state court in 1997, an alleged victim of his federal charges failed to allege any threats or violence. (Doc. #22 at p. 1). Once again, Plaintiff's § 2255 motion seeks relief from the proceedings involving him in the Western District of Texas, and this Court has no jurisdiction to provide relief because Judd was not sentenced here. 28 U.S.C. § 2255(a) provides:

> **(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence** to vacate, set aside or correct the sentence.

(Emphasis added).

For the foregoing reasons, the undersigned recommends that the above motions **(Docs. #19, 20, and 22)** be **DENIED**. The undersigned further recommends that an order be entered directing the Clerk of this Court to forward any future pleadings submitted by Plaintiff to the District Judge's chambers for review prior to filing the pleadings. If the pleadings relate to

2

AO72A
(Rev. 8/82)

Plaintiff's Texas conviction/sentence, they will be returned to Plaintiff without filing.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

IT IS SO ORDERED this 3rd day of November, 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)